Before IVINS, KORNER, and MARQUETTE.

This appeal was submitted to the Board on a letter received from the taxpayer and the argument of counsel for the Commissioner. From the allegations of the taxpayer admitted by the Commissioner, the Board makes the following

### FINDINGS OF FACT.

The taxpayer is an officer of the United States Army. In his income-tax return for 1921 he claimed a deduction of $584.93 on the ground that section 213 (b) (8) of the Revenue Act of 1918 provided for a special exemption of $3,500 to military officers for the period of the war. The deduction was disallowed by the Commissioner and a deficiency in tax of $35.10 asserted, from which this appeal was taken.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

IVINS: The war was declared terminated by resolution of Congress for certain purposes, including computation of taxes, on March 3, 1921, and the taxpayer thought that since 61 days of 1921 were thus regarded as prior to the termination of the war, he should be entitled to 61/365 of the $3,500 allowance made in the Revenue Act of 1918. But taxes for the year 1921 must be computed under the Revenue Act of 1921 which, for the purpose of computing income, etc., is retroactive to January 1, 1921. Section 1400 (a) of the 1921 act specifically repealed Title II of the 1918 act as of January 1, 1921. The exemption relied on having been thus repealed, and there being nothing in the Revenue Act of 1921 to justify any such deduction, the Commissioner was correct in disallowing the taxpayer's claim, and his determination should be approved.

---

Appeal of **MASON COTTON MILLS COM-**      Docket No. 448.
            **PANY.**

A list of payments claimed to be deductible expenses allowed in part and disallowed in part on the evidence.

Submitted January 12, 1925; decided January 30, 1925.

*John C. Kramer, Esq.*, for the taxpayer.

*Arthur H. Fast, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before JAMES, STERNHAGEN, TRAMMELL, and TRUSSELL.

The taxpayer originally claimed an amount of $12,733.08 as deductions for ordinary and necessary business expenses of repairs and maintenance. Of this amount the Commissioner allowed $1,000 and based a deficiency upon the disallowance of the remainder. The deficiency asserted by the Commissioner is less than $10,000.

### FINDINGS OF FACT.

The taxpayer paid in 1918 the following amounts as ordinary and necessary business expenses:

| | |
|---|---:|
| Paint for painting bobbins | $131.30 |
| Lumber for repairing steps, ceilings, shingling, floors, and packing cases | 4,895.93 |
| Card clothing repairs, out of a total expenditure, some of which was apparently for complete replacement | 664.29 |
| Machine work, overhauling and repairing machinery | 1,158.93 |
| Labor | 566.42 |
| Freight | 484.30 |
| Total allowable | 7,901.17 |

The remaining items aggregating $4,831.91 have not been proven and their disallowance is approved.

### DECISION.

The deficiency should be recomputed after allowing the above items as deductible expenses. Final determination will be made on seven days' notice in accordance with Rule 50.

---

Appeal of UNITED TELEPHONE COM-      Docket No. 761.
PANY.

A deficiency notice is "mailed" within the meaning of section 274 (a) of the Revenue Act of 1924 when it is delivered into the custody of the post-office officials, or placed in a Government letter box, for transmission by mail.

The 60 days within which an appeal may be filed under section 274 (a) begins at the expiration, at midnight, of the day on which the deficiency notice is mailed and ends at the expiration, at midnight, of the sixtieth day thereafter.

Submitted January 24, 1925; decided January 30, 1925.

*Alfred L. Geiger, Esq.*, and *A. Jay Miller, Esq.*, for the taxpayer.
*George K. Bowden, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before JAMES, STERNHAGEN, TRAMMELL, and TRUSSELL.

STERNHAGEN: The Commissioner moves to dismiss the appeal because the petition was not filed within 60 days as prescribed in section 274 (a) of the Revenue Act of 1924. The notice to the taxpayer of the deficiency was dated September 20, 1924; was admittedly mailed in Washington by registered mail on September 22, 1924, as